**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


CRAIG HARVEY,             )
                                  )
           Movant,      )    **MEMORANDUM OPINION**
                                  )    **AND RECOMMENDATION**
           v.              )
                                  )    1:04CR64-1
UNITED STATES OF AMERICA,    )
                                  )
          Respondent.   )


      Craig Harvey (hereinafter "Movant"), a federal prisoner, has brought a "Motion to Compel Government to Show Cause for Failure to File Downward Departure" (docket no. 27).[1] In it, he claims that he provided information as to several individuals who were later prosecuted in federal court. He faults the government for failing to reward his assistance by filing a motion to reduce his sentence under Fed. R. Crim. P. 35(b). Movant states that Respondent's refusal to file the motion was based on unconstitutional motives and/or bad faith. Respondent has filed a response to the motion explaining its reasons for not filing under Rule 35 (docket no. 28). Despite being allowed an extension of time to do so (docket no. 29), Movant has not filed a reply.

---

    [1] This and all further cites to the record are to the criminal case.

## Facts and Contentions of the Parties

The basic facts, which are supported by the record and the parties' briefs, do not appear to be in serious dispute. Movant was prosecuted in this court for firearms violations. He pled guilty and was sentenced to 180-months imprisonment. Movant subsequently attempted to have his sentence reduced under Rule 35(b) by providing information regarding the criminal activities of several individuals. Some of these persons were, in fact, later prosecuted in federal court; however, the government never moved for a reduction of Movant's sentence.

## Discussion

Review of the government's decision not to file a Rule 35 motion is very limited. Normally, the decision of whether or not to file such a motion is within the discretion of the prosecutor. The decision not reviewable "unless the government's failure to file a substantial assistance motion is 'based on an unconstitutional motive,' such as racial or religious animus, or is 'not rationally related to any legitimate Government end.' *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001) (quoting *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). A decision may also be reviewed where the government has made a specific bargain to file a Rule 35 motion in a plea agreement. *United States v. Conner*, 930 F.2d 1073 (4th Cir. 1991). Finally, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor

would additional but generalized allegations of improper motive." *Wade*, 504 U.S. at 186. A defendant must make a "substantial threshold showing." *Id*.

Here, Movant has made conclusory allegations that Respondent's decision not to file a Rule 35 motion was due to an unconstitutional motive or was not related to any legitimate government end, but he has produced no proof. In fact, the government has proffered legitimate reasons for its decision. It states that although Movant certainly made attempts at cooperation and did provide some information, these attempts were not sufficient to justify a Rule 35 motion. The information was mainly historical and did not actually end up being used to prosecute anyone. Furthermore, Petitioner refused to give information as to certain individuals even when asked. It was for these reasons that Respondent decided not to file a Rule 35 motion. Although Movant may disagree with the government's decision, this does not make the government's reasoning improper, unconstitutional, or illegitimate.

Overall, Movant has not made any "substantial threshold showing" that the government acted with an improper or unconstitutional motive, that it acted without a legitimate government end in mind, or that it breached his plea agreement. His vague and conclusory allegations are insufficient to entitle him to relief, discovery, or an evidentiary hearing. Movant's motion to compel should be denied.

**IT IS THEREFORE RECOMMENDED** that Movant's motion to compel (docket no. 27) be denied.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 1, 2011